JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| 50 BY 50 REO, LLC, | ) | CASE NO. CV 09-01685 MMM (JTLx) |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT FOR LACK OF SUBJECT MATTER |
| EWAO BUTLER; and DOES 1 through 100, inclusive, | ) ) ) | JURISDICTION |
| Defendants. | ) ) ) | |

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2009, plaintiff 50 By 50 Reo, Inc. ("50 By 50") filed this unlawful detainer action against *pro se* defendant Ewao Butler in Los Angeles Superior Court.  Butler was served on January 31, 2009, and removed the action to this court on March 10, 2009.[1]  In its complaint, 50 By 50 alleges that it purchased the property located at 811 Silver Lake Blvd., Los Angeles, California 90026 ("the property") at a non-judicial foreclosure sale conducted in compliance with

---

[1]Butler's removal was not timely, as he was required under 28 U.S.C. § 1446(b) to remove within thirty days of being served with the summons and complaint.  50 By 50 waived this procedural defect, however, by failing to seek remand within thirty days of removal.  See *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

California Civil Code § 2924, and recorded a deed of trust upon sale on November 27, 2007.[2]
On December 3, 2008, Butler was served with a written notice to vacate the property.[3]  The notice
expired at midnight on January 26, 2009; since then, Butler has remained in possession of the
property without 50 By 50's consent.[4]  Consequently, 50 By 50 filed an unlawful detainer action
on January 27, 2009.  Its complaint contains a single state law cause of action under California
Code of Civil Procedure §§ 1161(a) and 1161(b).  Butler removed, alleging that California Code
of Civil Procedure §§ 1161(a) et seq. and 2924 violate due process and are therefore
unconstitutional.[5]  He asserts on this basis that the action implicates a federal question and thus
that a federal court has jurisdiction to hear it.

## II.  DISCUSSION

### A.    Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in
a State court of which the district courts of the United States have original jurisdiction, may be
removed by the defendant or the defendants, to the district court of the United States for the
district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).
"If at any time before final judgment[, however,] it appears that the district court lacks subject
matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."
*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663
(9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.
1985)).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of
removal in the first instance."  *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062,

---

[2]Complaint, ¶¶ 3-4.

[3]*Id.*, ¶ 7.

[4]*Id.*, ¶¶ 8-9.

[5]See Petition for Removal, Docket No. 1 (Mar. 10, 2009).

1064 (9th Cir. 1979)).  "The 'strong presumption' against removal jurisdiction means that the

defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto*

*v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche*

*Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a

federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court

actions that originally could have been filed in federal court may be removed to federal court by

the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required"); see also

28 U.S.C. § 1441(b); *id.* at § 1331 (the district courts "have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States").

Federal question jurisdiction is presumed to be absent unless a defendant, as the party

seeking removal, shows that the plaintiff has either alleged a federal claim (*American Well Works*

*Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)), a state cause of action that requires

resolution of a substantial issue of federal law (*Franchise Tax Bd. v. Construction Laborers*

*Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199

(1921)), or a state cause of action that Congress has transformed into an inherently federal claim

by completely preempting the field (*Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560

(1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

Since a defendant may remove a case under § 1441(b) only if the claim could originally

have been filed in federal court, whether removal jurisdiction exists must be determined by

reference to the "well-pleaded complaint."  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478

U.S. 804, 808 (1986).  It is not enough for removal purposes that a federal question may arise in

connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482

U.S. at 392; see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the

parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960,

966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not

contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934));
see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir.
1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court
*sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25,
2006) ("A district court has an independent obligation to examine whether removal jurisdiction
exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter
jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before
final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it
lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n*, 346 F.3d at 1192
("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta
Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

**B.      Whether the Court Has Subject Matter Jurisdiction**

In his notice of removal, Butler contends that the court has subject matter jurisdiction under
28 U.S.C. §§ 1331, 1441, and 1443.[6] Specifically, he contends that California Code of Civil
Procedure §§ 1161(a) et seq. and California Civil Code § 2924 are unconstitutional because they
do not afford a party an adequate opportunity to defend against a wrongful foreclosure.[7]
Therefore, he contends that 50 By 50's claim presents a federal question under §1331.[8] Butler
also asserts that this is a civil rights case under 42 U.S.C. §1983, and that the court has
jurisdiction over § 1983 claims by virtue of §1443.[9]

50 By 50's complaint does not plead a federal cause of action. As explained, a claim
"arises under" federal law only if a federal question appears on the face of plaintiff's complaint.

---

[6]Petition for Removal, ¶ 10.

[7]*Id.*, ¶ 3.

[8]*Id.*, ¶ 10.

[9]*Id.*, ¶¶ 4, 11, 13.

4

Assuming only state law claims are pled, removal jurisdiction is lacking, even if Butler wishes to assert a defense based exclusively on federal law.[10] Because 50 By 50's complaint raises only state law issues, Butler's removal was improper. Accordingly, the court must remand the case

---

[10]The "artful pleading" doctrine prevents a plaintiff from defeating removal of a legitimate federal claim by attempting to disguise it as one arising under state law. See, e.g., *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2 (1981) ("As one treatise puts it, courts 'will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum . . . [and] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization" (quoting 14 C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3722 p. 564-66 (1976) (citing cases) (footnote omitted))). The artful pleading doctrine also applies where a state law claim is completely preempted by federal law. See *Caterpillar*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law"); *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987) ("A traditional example of the artful pleading doctrine is one in which the defendant has a federal preemption defense to a state claim and federal law provides a remedy").

The "artful pleading" doctrine provides no basis for removal here. An unlawful detainer action is a true state law claim, and 42 U.S.C. § 1983 does not completely preempt state law claims. See *Buenaventura v. City of Coatesville*, Civil Action No. 97-0401, 1997 WL 164263,*2 (E.D. Pa. Apr. 2, 1997) ("Claims under Section 1983 of the Civil Rights Act . . . are not completely preempted); *Baucom-Brown v. City of Philadelphia*, CIV.A.89-6714, 1990 WL 4407,*2 (E.D. Pa. Jan.19, 1990) ("[T]here are no civil enforcement provisions or any other specific provisions in 42 U.S.C. § 1983 (as there are in ERISA) which would indicate that Congress so completely preempted the civil rights area (as it did with employee benefit plans under ERISA) so as to render any civil complaint which can be construed as raising a claim under 42 U.S.C. § 1983, federal in nature. Further, we find no evidence that Congress ever intended for 42 U.S.C. § 1983 to permit removal of state law tort complaints where the plaintiffs rely exclusively on state law"). More fundamentally, there is no possible way to construe 50 By 50's claims are arising under § 1983.

In fact, Butler's contentions amount to defenses that he wishes to assert in response to 50 By 50's affirmative claim. Federal defenses, however, do not give rise to a right to remove an action to federal court. "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); see also *Taylor*, 481 U.S. at 63; *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

1    to state court.

2

3                              **III. CONCLUSION**

4         For the foregoing reasons, the court remands this action to the Los Angeles Superior Court

5    forthwith.

6

7    DATED: April 14, 2009                    _____
                                              MARGARET M. MORROW
8                                             UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             6